IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID LEE ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | NO. 2:04-0067 |
| ) | JUDGE HAYNES |
| DAVID MILLS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Before the Court is the Respondent's motion for a stay of the Court's judgment pending appeal, (Docket Entry No. 109) and the Petitioner's motion for his release under Fed. R. App. P. 23(c). (Docket Entry No. 110). After review of the state court record and an evidentiary hearing, the Court granted the writ ordering Petitioner's release from state custody if he were not retried within 120 days. (Docket Entry Nos. 104 and 105, Memorandum and Order). The State waited two and a half months after the Court's Order granting the writ to file its motion to stay. The Court was out of the office awaiting a reply to the Petitioner's response in opposition to the respondent's motion for a stay.

To be sure, since of filing of these motions, a Judge of the Sixth Circuit granted a temporary stay until a panel could consider the Respondent's motion to stay that was filed in the Court of Appeals. The above motion papers in that Court were filed in late April and early May. Given this Court's review of the extensive state court record and as an aid to the resolution of the issues of a stay pending the appeal, the Court gives its review on the merits of the Respondent's motion for a stay and Petitioner's motion for release for whatever merit the Sixth Circuit may find.

In his motion for a stay, Respondent argues: (1) that a stay is necessary to allow an effective appeal; (2) that the nondisclosure of the state's key witness's status as a paid state informant is not material under Brady v. Maryland, 373 U.S. 83 (1963); (3) that irreparable injury would result if the state were required to retry the Petitioner prior to completion of the appeal process; (4) that there is not any substantial injury to anyone if a stay were granted; and (5) that given Petitioner's first degree murder conviction, the public interest counsels a stay.

In opposition, Petitioner contends that he is imprisoned on an unconstitutional conviction based upon clear proof of the State' nondisclosure that its key witness was a paid state informant. Petitioner argues that the State lacks an enforceable interest in an unconstitutional conviction. Petitioner presents proof from several prison officials that he is a model prisoner who has evidenced rehabilitation and will not pose a danger, if released. Petitioner contends that the Respondent has not overcome the legal presumption that Petitioner is entitled to be released.

In Hilton v. Braunskill, 481 U.S. 770, 777 (1987), the Supreme Court listed several factors on the stay in a habeas action: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." The State can overcome the presumption in favor of release, if these various factors do not "tip the balance against it." Id. As to the five enumerated factors the Court stated:

> The balance may depend to a large extent upon determination of the State's prospects of success in its appeal. Where the State established that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against

2

release. <u>Where the State's showing on the merits falls below this level, the preference for release should control.</u>

481 U.S. at 778 (emphasis added and citations omitted). Another consideration is the state's interest in "continuing custody and rehabilitation pending a final determination of the case on appeal, a risk of flight absent a stay, and whether the prisoner's release absent a stay will pose a danger to the public." Avery v. Prelesnik, 2008 WL 108885, at *2 (W.D. Mich. Jan. 7, 2008) (citing Braunskill, 481 U.S. at 777).

As to the first factor, the Court finds a clear violation of Brady. Thus, Respondent has not shown a likelihood to succeed on appeal, for the reasons stated in its earlier ruling. The State's prosecutors failed to disclose that Kim Sims, an eyewitness and the State's principal witness to the fatal shooting was a paid state informant whose work with prosecutors included arranging illegal drug sales with another state witness shortly before and after Petitioner's trial. Based upon the Supreme Court precedents cited in the Court's Memorandum, the Court continues to conclude that this nondisclosure by state prosecutors involved material impeachment information and such nondisclosure of a witness's status as an informant is prejudicial. See Docket Entry No. 104, Memorandum at pp. 29-39. Here, the State has not shown that this nondisclosure was harmless, particularly with Sims's wholly contradictory testimony about Petitioner's demeanor after the shooting. Id. at pp. 36-37. The Respondent also argues that the victim was shot in the back of his head and that the bullet trajectory was "downward." (Docket Entry No. 109, Motion for a Stay, at p. 5). The trial record reflects only that after the bullet struck the victim's skull, the bullet "deflected downward." (Trial Transcript, Dr. Harlan's testimony, at p. 459; Trial Exhibit No. 68, Autopsy Report at p. 5). According to

Dr. Harlan, the State medical examiner, the position of the shooter in relation to the victim cannot be reliably determined. (Trial Transcript, Dr, Harlan's testimony, at p. 471).

As to the State's irreparable injury, the State alleges its loss of an effective appeal. Denying the stay clearly will not preclude the State's ability to appeal. The State has filed its notice of appeal, and the Sixth Circuit will adjudicate that appeal. In other habeas litigation in this Court, the State previously asserted a different view that even if the State does not try the petitioner during the 120-day period allowed by the conditional habeas order and even if the district court orders the petitioner's immediate release, when the 120-day period expires, the State can release the prisoner from prison to the custody of county officials, who will hold him pending retrial of the original criminal charge. See Oliver v. Parker, No. 1:05-cv-00058 (M.D. Tenn.), Docket Entry No. 62, Response to Motion for Order to Show Cause, at pp. 3-4. Under that view, the State can litigate its federal appeal and postpone any retrial until after the appeal is adjudicated. The State's contention that it must choose between an appeal and a retrial is inconsistent with the State's position in Oliver. Moreover, the State waited nearly three months to seek this stay and during that period has not shown any effort to retry Petitioner. The State's conduct thus reflects that the State has elected to pursue its appeal rather than retry Robinson within the 120-day period.

As to the interests at issue here, to be sure, the State has "a strong interest in enforcing its criminal judgments and in defending the integrity of its judicial system." House v. Bell, 2008 WL 972709, at *2 (6th Cir. Apr. 7, 2008). Yet, the State lacks "a defensible interest in the continued incarceration of someone whose conviction was obtained in violation of his constitutional right. . . . " Poindexter v. Booker, 2007 WL 2780556, at *3 (E.D. Mich. Sept. 20,

4

2007). See also House, 2008 WL 972709, at *3.

Respondent's asserted interest to continue its incarceration of Petitioner based upon the State's violation of Petitioner's fundamental constitutional right under Brady and its progeny does not warrant a stay. In contrast, to grant a stay, in all likelihood, will cause substantial and irreparable injury to Petitioner who "would suffer irreparable harm each day he remains imprisoned pursuant to a conviction rendered in violation of the United States Constitution." Poindexter, 2007 WL 2780556, at *3. To be confined during an appeal on an unconstitutional conviction, "would be an unconscionably extended period of time for Petitioner to be incarcerated pursuant to a conviction which this Court has held was rendered in violation of Petitioner's constitutional right. . . ." Id.

Respondent contends that Petitioner is a risk of flight, if Petitioner is released. The Court can impose conditions on his release to address any flight risk. Jago v. U.S. District Court, 570 F.2d 618, 622 (6th Cir. 1978) ("One of the inherent powers of the judiciary with regard to proceedings before it has been the admission of a prisoner to bail"). In any event, as the State concedes, the Petitioner's charge is "not a capital prosecution." (Docket Entry No. 112, State's Response to Petitioner's Motion for Release, at p. 2). Under the Tennessee Constitution, Petitioner has a right to bail. Tenn. Const. Art. 1, Section 15. As to issues of danger to the community if Petitioner were released, the Respondent cites Petitioner's conviction of first degree murder. Yet, this conviction was obtained with the State's nondisclosure of material impeachment evidence against the State's key witness. Under Tennessee law, despite the seriousness of the charge, Petitioner remains entitled to pretrial release pending trial. Tenn. Const. Art. 1, Section 15.

As to Petitioner's pending motion for release, the Court granted a conditional writ of habeas corpus to give the State 120 days to retry the Petitioner, given the State's other proof of Petitioner's guilt. Rule 23(c) of the Federal Rules of Appellate Procedure creates a presumption that a habeas petitioner who prevails in the district court shall be released pending the State's appeal. Specifically, Rule 23(c) states:

> **Release Pending Review of Decision Ordering Release.** While a decision ordering that the release of a prisoner is under review, the prisoner must - unless the court of judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court order otherwise - be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c). See Brunnsill, 481 U.S. at 774 ("Rule 23(c) undoubtedly creates a presumption of release from custody" pending appeal).

The conditional grant affords the State the opportunity to cure the constitutional violation, United States v. Coleman, 458 F.3d 453, 457 (6th Cir. 2006), but a conditional writ is not grounds for immediate release.

> [C]onditional grants create nothing more than a springing interest. That is to say, conditional grants of the writ of habeas corpus remain merely latent until the court's established conditions are met, at which time the writ springs into effect, generally as a self-executing result of the district court's initial order but sometimes through the issuance of a new order. See Gentry v. Deuth, 456 F.3d 687 (6th Cir. 2006); Satterlee v. Wolfenbarger, 453 F.3d 362 (6th Cir. 2006).

Id.

As the Supreme Court has made clear, there are two factors to consider are whether to release Robinson under Federal Rule of Appellate Procedure 23(c). Braunskill, 481 U.S. at 776. The Braunskill Court explained:

> Under both Rules [i.e., Federal Rule of Appellate Procedure 23(c) and Federal Rule of Civil Procedure 62] . . . the factors regulating the issuance of a stay are

6

generally the same: (I) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Braunskill, 481 U.S. at 776. There is a "presumption of release from custody." Id. 481 U.S. at 774.

Here, the Court concludes that Petitioner has made a strong showing of the likelihood of his success on appeal on his Brady claim. To be confined based upon an unconstitutional conviction is irreparable injury. As to harm to other parties, Petitioner does not have a prior conviction. Several state prison officials have submitted statements of the Petitioner's extraordinary acts of rehabilitation. Notwithstanding the seriousness of this charge on any retrial, under the Tennessee constitution, Tenn. Const. Art. 1, Section 15, Petitioner is entitled to bond pending trial and has secured a commitment from his former employer that he will be rehired if released pending retrial. Under these circumstances, the Court concludes that the respondent has not overcome the presumption in favor of Petitioner's release pending retrial.

In this Court's view, Respondent has not overcome this presumption under Rule 23(c) and with this legal presumption, Petitioner's proof justifies his release pending trial. Thus, the Respondent's motion for stay should be denied. The Petitioner's motion for release should be granted. An appropriate Order is filed herewith.

ENTERED this the ___11th___ day of June, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge